IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:19cr90–HEH |
| ) | |
| JAMES ALBERT SAUNDERS, III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Defendant's Motion for a Hearing Pursuant to
*Franks v. Delaware* and Motion to Suppress Evidence)

This case was before the Court on August 6, 2019, on the Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware* ("Motion," ECF No. 13) and Motion to Suppress Evidence ("Motion to Suppress," ECF No. 14). In his memorandum supporting his Motion, the Defendant maintained that information contained in the challenged search warrant affidavit (the "Affidavit") contained material misrepresentations that were either false, in reckless disregard for the truth, or omitted material facts. The United States responded that any errors of fact in the Affidavit were either unintentional or superfluous to a finding of probable cause.

After hearing oral argument, the Court denied both of the Defendant's Motions and briefly articulated its findings. The Court concluded that the pivotal question was whether or not there was deliberate recklessness or intentional falsehood on the part of the affiant. Upon review of the evidence, the Court concluded that the errors of fact in the Affidavit were arguably the product of negligence, but did not amount to intentional

falsehood. This memorandum provides a more detailed explanation of the Court's reasoning.

The Affidavit at issue had three central components supporting probable cause to conduct a search of the apartment occupied by the Defendant. First, it disclosed that on September 4, 2018, Richmond City Police "received a narcotics complaint from a citizen stating that the listed address of 3308 Cliff Ave is a narcotic house." (Def.'s Mot. 3, ECF No. 13.) The second paragraph stated that

> On 09/05/2018, Utilizing criminal intelligence databases, combined with personal observation, this Affiant has identified residents and possible suspects living at 3308 Cliff Ave as Jamar L Blount DOB XX/XX/1986 SSNXXX-XX-0154. A trash pull was attempted on this address and the cans were not out. Mr. Blount has several narcotic arrests for PWID of schedule I/II.

(*Id.*) And lastly, the Affidavit disclosed that

> On 09/19/2018, this affiant responded to 3308 Cliff Ave to conduct trash pulls. While searching through the trash this affiant located a large amount of plastic baggies with twisted and torn off corners. Inside of some of the plastic baggies, I observed white residue inside believed to be a schedule I/II narcotic. The amount of plastic baggies is consistent with distribution and sale of narcotics.

(*Id.*)

Integral to the Defendant's Motion was his contention that the affiant, Christopher Brown, a Richmond City Police Officer, intentionally made false statements and omitted relevant information in drafting the Affidavit supporting the issuance of the search warrant. The Defendant urged the Court to conduct a *Franks* hearing to allow the Defendant to further develop his contention that the Affidavit contained material misrepresentations. Specifically, that the affiant, utilizing criminal intelligence databases

2

combined with personal observation, identified Jamar L. Blount ("Blount") as residing at 3308 Cliff Avenue. Counsel for the Defendant presented documentary evidence revealing that Blount had been in the continuous custody of either the Richmond City jail or the Virginia Department of Corrections from January 10, 2013, up to and including the date of the Affidavit. Counsel for the Defendant also pointed out that the criminal intelligence database utilized by Officer Brown, which indicated the Blount resided at 3308 Cliff Avenue, was several years old and arguably outdated. The database, however, had a notation that Blount had last been seen on September 4, 2018, but did not indicate by whom. In Defendant's view, the inaccurate representation in the Affidavit that Blount resided at 3308 Cliff Avenue was a knowing and intentional falsehood on the part of Officer Brown.

While not contesting the inaccuracy of the statement in the Affidavit as to Blount's residence at 3308 Cliff Avenue, the United States argued that the evidence did not support the requisite finding that the inaccuracy was a deliberate falsehood, or made in reckless disregard for the truth. This Court agreed noting that search warrant affidavits do not require the same level of exactitude as other legal documents. *See United States v. Ventresca*, 380 U.S. 102, 108 (1965).

A critical prerequisite to entitlement to a *Franks* hearing is a demonstration by a defendant of "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). As this Court noted on the record, there may have been a plausible argument that Officer Brown was

negligent in not reviewing the records of the Richmond City Sheriff's Office and the Virginia Department of Corrections to determine if Blount was in custody. But there was no indication, or representation by counsel, that Officer Brown was aware of such information or intentionally withheld it from the magistrate issuing the search warrant. *See United States v. Blauvelt*, 638 F.3d 281, 289–90 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011). The record is insufficient to support a finding that Officer Brown intended to mislead the magistrate. *See United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016).

The Defendant also argues that Officer Brown's statement "[u]tilizing criminal intelligence databases, *combined with personal observation*, this Affiant has identified residents and possible suspects living at 3308 Cliff Ave as Jamar L Blount . . .", was an intentional false representation. (Def.'s Mot. 3 (emphasis added).) The Defendant maintains that this information was deceptive because there was no evidence that Officer Brown personally observed Blount at that location. However, records taken from the Richmond City Police Department database simply indicate that Blount was in fact seen at that location on September 4, 2018. The paragraph of the Affidavit containing that statement does not specifically state that Officer Brown saw him at that location, although it could be interpreted that way. It could also be reasonably read as saying some unidentified person observed Blount there. Undoubtedly, the Affidavit could have been crafted more artfully, but Officer Brown is a police officer and not an attorney. This Court therefore concluded that the Defendant had failed to make a *substantial* preliminary showing that a false statement was knowingly and intentionally, or with

4

reckless disregard for the truth, included by the affiant in the Affidavit. For that reason, the Defendant's Motion for a *Franks* Hearing was denied.

Alternatively, the United States argued that even if the information concerning Blount residing on the premises is excluded, the balance of the Affidavit would be sufficient to demonstrate probable cause, eliminating the need for a *Franks* hearing. *Franks*, 438 U.S. at 155–56; *United States v. White*, 850 F.3d 667, 672–73 (4th Cir. 2017), *cert. denied*, 137 S. Ct. 2252 (2017). Likewise, inaccurate information in a search warrant affidavit will not invalidate the warrant if there is otherwise sufficient information to support probable cause. *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011).

The government's secondary argument relies solely on the first and third paragraphs of the material facts portion of the Affidavit at issue. The first paragraph indicates that a citizen described 3308 Cliff Avenue as a narcotics house, and the third paragraph indicates that Richmond Police conducted a trash pull at 3308 Cliff Avenue and "located a large amount of plastic baggies with twisted and torn off corners. Inside of some of the plastic baggies, [the affiant] observed white residue inside believed to be a schedule I/II narcotic. The amount of plastic baggies is consistent with the distribution and sale of narcotics." (Def.'s Mot., Ex. 1 at 5.)

The Defendant rejoins that these two paragraphs of the Affidavit are insufficient to support a finding of probable cause. He contends that the citizen tip is uncorroborated and that the Affidavit fails to connect the trash container searched to 3308 Cliff Avenue. As this Court noted at the conclusion of the hearing, these elements of the Affidavit are a

5

bit skeletal, but sufficient to support a magistrate's finding of probable cause. The touchstone of probable cause is the existence of a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In a recent opinion, the Fourth Circuit addressed a similar factual inaccuracy in a search warrant affidavit. In *United States v. Moody*, 931 F.3d 366 (4th Cir. 2019), decided July 29, 2019, the affiant's testimony at trial was directly contrary to a reasonable construction of her affidavit supporting the search warrant. In pertinent part, the affidavit recited that "[d]uring this controlled purchase, MOODY and other co-conspirators . . . were observed leaving from . . . and surveilled traveling to the pre arranged location and selling the Informant heroin." *Id.* at 369. At trial, the affiant, consistent with other testimony, testified that Moody was not physically present for the exchange as the affidavit implied. *Id.* at 370. The defendant argued that a *Franks* hearing was required because the affiant intentionally or recklessly made a false statement in her affidavit. *Id.* A unanimous panel of the Fourth Circuit disagreed.

The court in *Moody* conceded that "the most natural reading of the affidavit does seem to say that Moody was at the scene of the transaction with the informant." *Id.* at 372. The court cautioned, however, that "[m]ere imprecision does not, by itself, show falsity." *Id.*

The Fourth Circuit concluded that

> Even assuming that the affidavit was false, Moody has failed to show intentional falsity or a reckless disregard for the truth by [the affiant]. Given the lack of precision in the statement at issue, we cannot reasonably

6

infer that [the affiant] acted with intent to mislead or with reckless disregard of whether the statements would mislead.

*Id.* (citing *United States v. Chavez*, 902 F.2d 259, 265 (4th Cir. 1990)).

In *United States v. Gary*, Justice Sandra Day O'Connor, sitting by designation and writing for the Court, reiterated that "a finding of probable cause does not require absolute certainty." 528 F.3d 324, 327 (4th Cir. 2008). *Gary* also involved the search of unmarked trash cans situated near the subject location. *Id.* at 326. As in the immediate case, the defendant in *Gary* argued that mere proximity of unmarked cans is an insufficient connection to support a finding of probable cause. *Id.* at 327. Adopting a commonsensical approach, Justice O'Connor noted that "[t]rash cans placed directly behind a home are used by those who live there. Trash inside those trash cans, particularly if contained in trash bags, is usually generated by the house closest to those cans." *Id.*

The affidavit in *Gary*, which was remarkably similar to the first and third paragraphs of the Affidavit at hand, was also supported by an investigative "tip from an unnamed informant . . . that an individual named 'Melvin' was selling illegal narcotics" from the location to be search. *Id.* at 326. In the final analysis, the court in *Gary* concluded that "the affidavit presented a substantial basis for a reasonable magistrate to believe that the warrant was supported by probable cause." *Id.* at 329.

The same reasoning guides the Court's analysis in this case. Even without the second paragraph, the Affidavit was sufficient to support a finding of probable cause to search 3308 Cliff Avenue. Unlike *United States v. Lyles*, 910 F.3d 787, 792 (4th Cir.

2018), the trash pull in this case yielded more than mere sparse evidence of personal use of marijuana. Also in *Lyles*, distinct from *Gary*, there was no tip from a confidential informant. *Id.* at 793–94.

For the foregoing reasons, the Defendant's Motion for a Hearing Pursuant to *Franks v. Delaware* and Motion to Suppress Evidence were denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: **Aug 27, 2019**
Richmond, Virginia